**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ISAIAH S. HARRIS,** | CASE NO. 1:23 CV 2115 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION AND BACKGROUND

Plaintiff Isaiah S. Harris, a state prisoner incarcerated in the Richland Correctional Institution ("RCI"), has filed a *pro se* prisoner civil rights complaint in this case under 42 U.S.C. §1983 against Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, RCI Warden Kenneth Black, and John and Jane Doe RCI "Mailroom Staff, Clerks, and Supervisors." (Doc. Nos. 1; 1-1.)

His complaint pertains to his effort to file a motion for reconsideration in the Ohio Supreme Court in connection with a criminal case.

In May 2009, plaintiff was convicted after a bench trial of domestic violence, violating a protection order, rape, aggravated burglary, and intimidation. The trial court sentenced him to an aggregate term of twenty-three-and-a-half years of imprisonment. The Ohio Court of Appeals affirmed his convictions, *State v. Harris*, Nos. 09CA009605, 09CA009606, 09CA009607, 2010 WL 1016085 (Ohio Ct. App. Mar. 22, 2010), and the Ohio Supreme Court denied him leave to appeal, *State v. Harris*, 932 N.E.2d 339 (Ohio 2010).

1

In 2014, plaintiff filed an unsuccessful petition under 28 U.S.C. § 2254 in federal court challenging his convictions, and the Sixth Circuit subsequently denied him a certificate of appealability. *See Harris v. Clipper*, 1:14 CV 846, 2017 WL 979109 (N.D. Ohio Mar. 14, 2017).

Then, in July 2022, plaintiff petitioned the trial court for post-conviction relief. The trial court dismissed his petition without a hearing; the Ohio Court of Appeals affirmed the trial court's judgment; and on September 12, 2023, the Ohio Supreme Court declined to accept jurisdiction in the case. *See State v. Harris*, 2023-Ohio-1426, ¶ 2, 2023 WL 3159713, at *1 (Ohio App. 9 Dist. May 1, 2023); *State v. Harris*, 171 Ohio St.3d 1425 (Ohio Sept. 12, 2023).

Now, in his complaint, plaintiff contends he sought to file a motion for reconsideration of the Ohio Supreme Court's September 12th order declining jurisdiction, but because his mail was not timely processed by prison staff, his motion was not received in the Ohio Supreme Court until September 28, 2023, and Ohio Supreme Court's clerk's office rejected it as untimely. (*See* Doc. No. 1 at 4, ¶20 at 8, ¶56; Doc. No. 1-10 at 2.) Based on this, plaintiff alleges defendants violated his rights under the First, Fifth, and Fourteenth Amendments by failing to provide him meaningful and effective access to the courts and unduly interfering with his ability to get redress in his criminal case. He seeks damages in addition to injunctive relief. (Doc. No. 1 at 8-9.) He has also filed a motion for discovery. (Doc. No. 3.) For the following reasons, his complaint is dismissed and his motion for discovery is denied.

## STANDARD OF REVIEW AND DISCUSSION

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous

2

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A requires a district court to dismiss as soon as practicable after docketing any civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

In order to survive dismissal for failure to state a claim, a *pro se* prisoner complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

The Court finds that plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A because, even liberally construed, it fails to state a plausible § 1983 claim upon which he may be granted relief. To state a claim, plaintiff must allege that he suffered a deprivation of a right secured by the federal Constitution or laws of the United States committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff's complaint does not allege a plausible constitutional deprivation.

As a preliminary matter, plaintiff's complaint suggests only a First Amendment access-to-the-courts claim, despite its reference to other constitutional provisions. Plaintiff does not sue federal defendants; therefore, he has no plausible claim under the Fifth Amendment. *Scott v.*

*Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government"). His complaint does not support a plausible claim under the Eighth Amendment which pertains to allegations of the "unnecessary and wanton infliction of pain." *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). While the Fourteenth Amendment provides due process protections, the Sixth Circuit has found it more appropriate to view the right of access to the courts as a First Amendment, rather than a Fourteenth Amendment, claim. *See Valot v. Se. Loc. Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1226 (6th Cir. 1997).

The Court, moreover, does not find that plaintiff has alleged a plausible First Amendment access-to-the court claim.

Although prisoners have a constitutional right under the First Amendment of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), this right is not unlimited. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). In order to allege a constitutional violation, a plaintiff must show that he suffered "an actual injury to existing or contemplated litigation" as a result of being denied access to legal resources. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). He must plead and demonstrate that his lack of access to legal resources actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis*, 518 U.S. at 351-53 (1996); *Clark v. Corrections Corp. of America*, 113 F. App'x 65, 68 (6th Cir. 2004) (affirming *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim"). And a prisoner's right of access to the courts does not extend to every type of claim or legal action he wishes to pursue. Rather, the right is limited only to a prisoner's filing of a non-

frivolous direct appeal in his criminal case, a habeas corpus application, or a civil rights action challenging the conditions of his confinement. *Courtemanche*, 79 Fed. App'x at 117.

Plaintiff has not alleged facts sufficient to demonstrate that he suffered a constitutional deprivation with respect to his effort to file a motion for reconsideration in the Ohio Supreme Court. Even accepting his allegations that prison staff failed to timely process his motion as he requested and this resulted in the Supreme Court's refusal to file the motion, he has not explained or demonstrated in his complaint why this hindered or prejudiced his ability to pursue a "non-frivolous" claim. He merely alleges, in purely conclusory terms, that defendants' conduct prevented him from presenting "a non-frivolous argument that would surely gain him relief from a patently unconstitutional conviction." (Doc. No. 1 at 5, ¶ 26; at 6, ¶ 37.)

This allegation is wholly conclusory and speculative and falls well short of an allegation of an actual, legally cognizable injury for purposes of an access-to-the-courts claim. *See, e.g. McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of a prisoner's access-to-the-courts claim where his allegation of actual prejudice was "purely conclusory" and he failed to allege, among other things, "the exact nature of his frustrated claims"); *Fields v. County of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov.8, 2000) ("A speculative injury does not vest a plaintiff with standing [to pursue an access to the courts claim] ...").

Further, based on the Court's own review of plaintiff's motion for reconsideration (Doc. No. 1-3), it is apparent plaintiff's motion for reconsideration asserts grounds he already presented in briefs he filed in the Ohio Supreme Court in support of his appeal, and which the Ohio Supreme Court found insufficient to warrant an exercise of jurisdiction. A motion for reconsideration is frivolous if it merely raises or restates old arguments. *See Miller v. Norfolk Southern Rwy. Co.*, 208 F.Supp.2d 851 (N.D. Ohio 2002).

5

For all of the foregoing reasons, even if it is assumed that defendants' conduct prevented plaintiff from filing a timely motion in the Ohio Supreme Court, his complaint fails to state a plausible constitutional claim.

### CONCLUSION

Accordingly, plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In light of this ruling, his motion for discovery (Doc. No. 3) is **DENIED AS MOOT**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE